1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAOUL E HARLEY JR.,                    Case No.  2:24-cv-3059-TLN-JDP (PS)

12            Plaintiff,

13        v.                                 ORDER

14    COUNTY OF CONTRA COSTA,

15            Defendants.

16

17        Plaintiff brings this action against defendant County of Contra County, seeking to

18    challenge a state court order requiring him to make child support payments.  His complaint,

19    however, fails to state a claim.  I will give plaintiff leave to amend to file an amended complaint

20    that better explains the factual basis for his claims.  I will also grant his application to proceed *in*

21    *forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and

22    (2).

23                        **Screening and Pleading Requirements**

24        A federal court must screen the complaint of any claimant seeking permission to proceed

25    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28    relief.  *Id.*

1

1      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                          **Analysis**

19      The complaint's limited allegations indicate that plaintiff seeks to challenge a state court

20  order requiring him to make child support payments.  Plaintiff appears to contend that the order is

21  void because it does not include an official seal and is not signed by a judge.  ECF No. 1 at 3-4.

22  He asks that this court dismiss his child support case and order defendant to reimburse him for

23  wages garnished under the support order.  *Id.* at 5.  The complaint indicates that this suit is

24  brought under 42 U.S.C. § 1983.  *Id.* at 3.

25      To state a section 1983 claim, a plaintiff must show that a defendant acting under color of

26  state law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983;

27  *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  "[A] local government may not be

28  sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of*

2

1    *Soc. Servs.*, 436 U.S. 658, 694 (1978).  But a local government may be sued when an employee

2    who committed a constitutional violation was "acting pursuant to an expressly adopted official

3    policy, longstanding practice or custom, or as a final policymaker."  *Thomas v. Cnty. of Riverside*,

4    763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694).  Plaintiff's complaint

5    neither identifies the specific constitutional right defendant allegedly violated nor alleges that

6    plaintiff's rights were violated pursuant to a policy or custom.

7            Moreover, plaintiff's suit, which appears to challenge a state court support order, runs

8    afoul of the *Rooker-Feldman* doctrine.  *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003)

9    (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616

10   (9th Cir. 2007) (explaining that the *Rooker-Feldman* doctrine barred the plaintiff's claim because

11   alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief

12   he sought "would require the district court to determine that the state court's decision was wrong

13   and thus void").  The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to

14   conduct direct reviews of final state court determination.  *See Worldwide Church of God v.*

15   *McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no

16   authority to review the final determinations of a state court in judicial proceedings.").

17           Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

18   plaintiff a chance to amend his complaint before recommending that this action be dismissed.

19   Plaintiff should also take care to add specific factual allegations against defendant.  If plaintiff

20   decides to file an amended complaint, the amended complaint will supersede the current one.  *See*

21   *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the

22   amended complaint will need to be complete on its face without reference to the prior pleading.

23   *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer

24   serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to

25   assert each claim and allege defendant's involvement in sufficient detail.  The amended complaint

26   should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff

27   does not file an amended complaint, I will recommend that this action be dismissed.

28

                                          3

Accordingly, it is hereby ORDERED that:

    1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

    2.  Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

    3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

    4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    January 12, 2025                                            

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE