1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAOUL E HARLEY JR.,                           Case No.  2:24-cv-3059-TLN-JDP (PS)

12                    Plaintiff,

13         v.                                        FINDINGS AND RECOMMENDATIONS

14    COUNTY OF CONTRA COSTA,

15                    Defendant.

16

17         Plaintiff's first amended complaint alleges that his due processes rights were violated by a

18    state court order requiring him to make child support payments.  This court lacks jurisdiction over

19    plaintiff's claims.  I therefore recommend that this action be dismissed without leave to amend.

20                      **Screening and Pleading Requirements**

21         A federal court must screen the complaint of any claimant seeking permission to proceed

22    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

23    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

24    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

25    relief.  *Id.*

26         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

27    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

28    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

                                              1

1    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

2    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

3    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

4    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

5    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

6    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

7    n.2 (9th Cir. 2006) (en banc) (citations omitted).

8          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

9    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

10   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

11   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

12   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

13   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

14   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15                                         **Analysis**

16         According to the first amended complaint, plaintiff seeks equitable relief from a state

17   court child support order entered against him.  ECF No. 4.  He claims that the order is invalid

18   because it does not include an official seal and was not signed by a judge.  *Id.* at 8.  Plaintiff also

19   alleges that the state court violated his rights by classifying him as a non-custodial parent, thus

20   limiting his parental and visitation rights with his children.[1]  *Id.* at 15-16.  He asks that this court

21   dismiss the child support case, terminate his obligation to make child support payments, and

22   require defendant to reimburse him for wages garnished under the support order.  *Id.* at 20.

23         This court does not have jurisdiction to review the state court decision plaintiff seeks to

24   challenge.  Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional

25

26         [1] In his amended complaint, plaintiff refers to the state court order as an administrative
     order as well as a default judgment.  However, he specifically claims that the "trial court" erred in
27   issuing a decision that both requires him to pay child support and classifies him as a non-custodial
     parent.  *See,* e.g., ECF No. 1 at 4, 8, 15.  Thus, it appears that plaintiff seeks to challenge a state
28   court order rather than an administrative decision.

1    claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a

2    particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,

3    483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  Thus, the

4    doctrine bars federal courts from adjudicating claims that seek to redress an injury allegedly

5    resulting from a state court decision, even if the party contends the state judgment violated his or

6    her federal rights.  *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S.

7    at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in

8    particular cases arising out of judicial proceedings even if those challenges allege that the state

9    court's action was unconstitutional.").

10        Plaintiff's request to invalidate the state court's order and require defendant to reimburse

11    him for support payments made under that order is squarely what *Rooker-Feldman* prohibits.  *See*

12    *Collins v. Grisom*, No. 21-CV-2136 JLS (DEB), 2022 WL 3325665, * 3 (S.D. Cal. Aug. 11,

13    2022) (holding that plaintiff's challenges to a child support order based on lack of jurisdiction,

14    lack of service of process, and lack of notice of hearings were barred under *Rooker-Feldman*);

15    *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016)

16    ("The law does not allow a federal court to review the child support orders created by a state

17    court."); *Rucker v. Cnty. of Santa Clara, State of Cal.*, No. C02-5981 JSW, 2003 WL 21440151,

18    at *2 (N.D. Cal. June 17, 2003) (holding that under *Rooker–Feldman*, the court lacked

19    jurisdiction to declare a state court child support order that authorized garnishing disability

20    benefit payments void as a matter of law).

21        Accordingly, the first amended complaint's claims are barred by the *Rooker-Feldman*

22    doctrine.  Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend

23    that the dismissal be without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

24    1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend,

25    leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di*

26    *Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to

27    amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

28    cured by amendment.") (internal quotation marks omitted).

3

1        Accordingly, it is hereby RECOMMENDED that:

2        1.  Plaintiff's first amended complaint, ECF No.4, be DISMISSED without leave to

3    amend for lack of jurisdiction.

4        2.  The Clerk of Court be directed to close the case.

5        These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

7    service of these findings and recommendations, any party may file written objections with the

8    court and serve a copy on all parties.  Any such document should be captioned "Objections to

9    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

10   within fourteen days of service of the objections.  The parties are advised that failure to file

11   objections within the specified time may waive the right to appeal the District Court's order.  *See*

12   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

13   1991).

14

15   IT IS SO ORDERED.

16

17   Dated:    February 10, 2025         _____

                                         JEREMY D. PETERSON
18                                       UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

                                         4